IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

|  |  |
|---|---|
| DANNY L. DANIELS,<br><br>      Plaintiffs,<br><br>  vs.<br><br>INGRID A. ROSENQUIST; SCOTT TWITO; APRIL HUELLE; KRIS COPENHAVER; J. GREGORY TOMICICH; KERI EIK; ASHLEY DIETZ; and BEVERLY RENAE HARRINGTON,<br><br>      Defendants. | Cause No. CV 22-08-BLG-BMM<br><br><br>ORDER |

Plaintiff Danny Daniels moves to proceed in forma pauperis with this action under 42 U.S.C. § 1983 alleging violation of his civil rights.

## I. Motion to Proceed In Forma Pauperis

Daniels' inmate trust account statement does not cover a full six-month period. *See* Account Stmt. (Doc. 5) at 2; 28 U.S.C. § 1915(a)(2). It does adequately show, however, that he is not able to pay the full filing fee at this time. His motion will be granted.

Because Daniels is a prisoner, he must pay the $350.00 filing fee in installments taken from his inmate trust account and consisting of 20% of each month's deposits into the account, provided the balance is at least $10.00. The

Court will waive the initial partial filing fee, because it is not clear Daniels could

pay it. The total fee and the rate of withdrawal are established by Congress and

cannot be altered by the Court. *See* 28 U.S.C. §§ 1914(a), 1915(b)(1), (2), (4);

*Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

## II. Screening

Because Daniels is a prisoner and is proceeding in forma pauperis, the Court

must review the complaint to determine whether it fails to state a claim on which

relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(a), (b)(1). A

federal court must liberally construe pleadings filed by unrepresented prisoners and

extend an opportunity to amend where appropriate. *See Erickson v. Pardus*, 551

U.S. 89, 94 (2007) (per curiam); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir.

2012). The Court must dismiss a claim that cannot be cured by amendment. *See* 28

U.S.C. §§ 1915(e)(2), 1915A(b).

## III. Daniels' Allegations

Daniels contends that he was charged with theft in 2012 and received a

deferred sentence. The deferral period, he asserts, expired on September 21, 2018.

He states "the felony was to be expunged from my record." Compl. (Doc. 2) at 2 ¶

2. It was not. He contends that, as a result, he was prosecuted, convicted, and

sentenced in 2019 in the United States District Court for the District of Utah on a

charge of being a felon in possession of a firearm in violation of 18 U.S.C. §

922(g)(1). *See id.* ¶ 2(a).

Daniels also contends that he has been held in the Kootenai County Jail in

Coeur d'Alene, Idaho, since December 2021.[1] He states he has not been "served a

warrant," "seen by a judge," or "served with paperwork on charges" and is on a

"marshals hold for the State of Utah." *See* Compl. (Doc. 2-4) at 1 (referring to U.S.

District Court No. 4:19-cr-64 in the District of Utah). He appears to contend he

should be transferred to Yellowstone County, Montana, to face a new charge of

theft. *See* Compl. (Doc. 2) at 3 ¶¶ 10–12.

Finally, Daniels contends that his landlord in Billings—Defendant

Harrington, who is also his mother—violated his Fourth Amendment right against

unreasonable searches when she entered his apartment, located a key for another

building, and opened it to allow police offices to enter and find a motorcycle.

Daniels asks the Court to award him guardianship over his brother and to require

Harrington to pay costs and damages. *See* Compl. (Doc. 201) at 1–7.

## IV. Severance

Federal Rule of Civil Procedure 18(a) provides that "[a] party asserting a

claim, counterclaim, crossclaim, or third-party claim may join, as independent or

alternative claims, as many claims as it has against an opposing party."

---

[1] A public website indicates Daniels faces pending charges in Idaho. *See* In-Custody Report, https://www.kcsheriff.com (accessed Mar. 4, 2022).

Federal Rule of Civil Procedure 20(a)(2) provides:

*Defendants*.  Persons . . . may be joined in one action as defendants if:

(A)     any right to relief is asserted against them jointly, severally, or
        in the alternative with respect to or arising out of the same
        transaction, occurrence, or series of transactions or occurrences;
        and

(B)     any question of law or fact common to all defendants will arise
        in the action.

"A plaintiff may put in one complaint every claim of any kind against a

single defendant, but a complaint may present claim #1 against Defendant A, and

claim #2 against Defendant B, only if both claims arise 'out of the same

transaction, occurrence, or series of transactions or occurrences.'" *Wheeler v.*

*Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (quoting Rule

20(a)(1)(A) and (2)(A)). A "transaction" or "occurrence" is a "core of operative

facts." *See, e.g.*, *Mayle v. Felix*, 545 U.S. 644, 657–59 (2005) (discussing Rule

15(c)(1)(B)). Rules 18 and 20 do not permit consolidation in one case of multiple

claims a plaintiff has against multiple defendants.

Daniels's allegations against Defendant Harrington concern actions she took

in Billings "[d]ays prior to" the filing of a criminal charge in 2019. His allegations

against the other defendants concern the legal status of a criminal case initiated in

2012 and what jurisdiction currently does or should have custody of him.

Daniels's allegations against Harrington do not share operative facts with his

4

other claims. Pursuant to Federal Rule of Civil Procedure 21, those allegations will be severed. They are not addressed in this case.

## V. Analysis

### A.  Deferred Sentence in DC 2012-757

Daniels' allegations in connection with Yellowstone County Cause No. DC 2012-757 suggest he is no longer in custody on that conviction or sentence. Taking him at his word, he is not required to proceed by way of a petition for writ of habeas corpus. He may proceed under 42 U.S.C. § 1983 and may seek injunctive relief. *See Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc); *Vasquez v. Rackauckas*, 734 F.3d 1025, 1035, 1036–39 (9th Cir. 2013).

The records of Montana's Thirteenth Judicial District Court reflect entry of judgment in Cause No. DC 2012-757 on July 3, 2013. The Court may take judicial notice of state court records that are directly related to a federal habeas petition, *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011), and "not subject to reasonable dispute," Fed. R. Evid. 201(b).  This action is sufficiently comparable to a federal habeas action to justify application of the rule here.  The record is attached to this Order. The Court will assume the sentence was deferred, as Daniels alleges.

In 2013, Montana law allowed a person subject to a deferred sentence to withdraw a guilty plea or strike a jury verdict, as well as obtain dismissal of the

case, upon termination of the period of deferral. *See* 2007 Mont. Laws ch. 515 §§

1–2; Mont. Code Ann. §§ 46-18-204, -208 (eff. May 16, 2007). The State or the

court could also initiate these actions. The provision was not self-executing; that is,

even successful completion of the entire term of a deferred sentence did not

automatically result in dismissal of the underlying conviction and case.

The record of Daniels's case does not reflect that anyone filed a motion or

petition or that the court ordered termination or dismissal. It reflects the opposite.

On December 10, 2014, about a year and a half after the entry of judgment, the

State filed a petition to revoke Daniels' conditional sentence. On December 3,

2015, the court entered an "Order of Revocation and Imposition of Sentence." And

another petition to revoke was filed on June 29, 2018. That petition remains

pending.

To the extent Daniels claims one of the Defendants he names[2] should have

sought dismissal of DC 2012-757, neither Montana law nor federal law creates an

enforceable duty to do so.

Even assuming a duty, a defendant would have had to act before the first

revocation in December 2014. The record shows that Daniels was released on his

own recognizance on August 25, 2015. Assuming he did not know of the

---

[2] An attorney representing a client is not acting under color of state law and so cannot be
sued under 42 U.S.C. § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 324–25 (1981).

revocation petition until that late date—more than nine months after the petition

was filed—that is when his claim for relief accrued under § 1983. *See, e.g.,*

*Wallace v. Kato*, 549 U.S. 384, 388 (2007). A three-year limitations period applies

to claims under 42 U.S.C. § 1983. *See Soto v. Sweetman*, 882 F.3d 865, 871 (9th

Cir. 2018); *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015) (citing Mont.

Code Ann. § 27-2-204(a)). Thus, even if Daniels could state claim under § 1983, it

would be time-barred.

**B.  Federal Law Governing Order of Disposition of Charges**

Daniels refers to a pending theft charge in Yellowstone County. He refers to

various provisions of the Constitution and to the Interstate Agreement on Detainers

Act ("IAD").

Constitutional due process requirements apply to all jurisdictions. No

constitutional provision governs the order in which different jurisdictions pursue

their charges. Daniels does not state a claim for violation of the Constitution.

The IAD applies only to persons who have "entered upon a term of

imprisonment in a penal or correctional institution" and only to an "untried

indictment, information, or complaint." *See* 18 U.S.C. Appendix 2 § 2 Art. III(a);

Mont. Code Ann. § 46-31-101 Art. III(1). It does not apply to revocation petitions.

*Carchman v. Nash*, 473 U.S. 716, 726 (1985).

Daniels does not claim to be serving a prison sentence in the Kootenai

County jail. He faces transfer based on a hold by the United States Marshals Service and apparently faces charges in Idaho as well. Because Daniels is not serving a prison sentence but facing new charges and/or revocation, the IAD does not apply to him.

The IAD is the only federal law that addresses disposition of pending charges. As it does not apply, Daniels fails to state a federal claim.

### C. Supplemental Jurisdiction

Daniels invokes infliction of emotional distress, the defendants' violations of their oaths of office, negligence, and abuse of process and power. To the extent he intends to state a claim for relief under state law, the Court declines supplemental jurisdiction as Daniels' federal claims are dismissed. *See* 28 U.S.C. § 1367(c)(3).

### D. "Common Law" Claims

The allegations regarding corporations and international bankers, *see, e.g.*, Compl. (Doc. 2) at 4–6, are not supported by any law this Court recognizes. They are dismissed as frivolous.

### VI. Pending Motions

With his complaint, Daniels moved the Court to appoint counsel to represent him. He is not entitled to appointed counsel, but the Court has considered whether to request counsel to appear pro bono. *See, e.g.*, *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998),

and *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). His allegations do

not support a claim for violation of federal law and cannot be amended to do so.

The motion for counsel is denied.

Daniels also moved for "judgment in default in entry" and for mandamus

relief. Service of the complaint is appropriate only when the pleading states a claim

on which relief may be granted. *See* 28 U.S.C. § 1915(d). The motions for default

and mandamus (Docs. 6, 9, 9-1) are denied.

## VII. Appellate Certification

Although the Court has granted Daniels leave to proceed in forma pauperis,

any appeal of this disposition would not be taken in good faith. See Fed. R. App. P.

24(a)(3)A(), (4)(B). Federal law simply does not support Daniels' allegations

against Defendants Rosenquist, Twito, Huelle, Copenhaver, Tomicich, Eik, and

Dietz.

Accordingly, IT IS ORDERED:

1. The motion to proceed in forma pauperis (Doc. 1) is GRANTED.  A

collection order accompanies this Order.

2. The allegations against Defendant Harrington are SEVERED.

    a.    The clerk will open a new civil action, lodge the supplement to the complaint (Doc. 2-1) as the complaint in that action, and attach this Order.

    b.    Defendant Harrington is the sole defendant.

      c.     The clerk will file Daniels' motion to proceed in forma pauperis in this case (Docs. 1, 1-1) in the new civil action.

3. The motion for counsel (Doc. 3) is DENIED AS MOOT.

4. The motions for entry of default and for mandamus relief (Docs. 6, 9, 9-1) are DENIED.

5. The complaint (Doc. 2) is DISMISSED without leave to amend for failure to state a claim on which relief may be granted.

6. The clerk shall enter, by separate document, a judgment of dismissal with prejudice.

7. The Court CERTIFIES that any appeal of this disposition would not be taken in good faith.

DATED this 8th day of March, 2022.

Brian Morris, Chief District Judge
United States District Court

10